**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50263 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03105-H-1 |
| v. | |
| PERLA YESENIA PEREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted May 8, 2015[**]
Pasadena, California

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

Perla Yesenia Perez appeals from the district court's denial of her motion to

suppress the cocaine U.S. Border Patrol agents seized from her vehicle following a

traffic stop. Perez contends that the district court erred when it concluded that the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

agents sufficiently demonstrated they had a reasonable suspicion to initiate a traffic stop of Perez's vehicle. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Border Patrol agents may conduct "brief investigatory stops" without violating the Fourth Amendment "if the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (internal quotation marks omitted). "Reasonable suspicion is defined as 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *United States v. Cotterman*, 709 F.3d 952, 968 (9th Cir. 2013) (en banc) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18 (1981)). When reviewing whether the agents satisfied this threshold, we view the "totality of the circumstances" surrounding the vehicle stop. *Id.* at 970.

Here, the Border Patrol agents had a reasonable suspicion to stop Perez's vehicle. Before the stop, two sets of Border Patrol agents—each in a marked Border Patrol vehicle—independently observed Perez's vehicle abruptly decrease speed in response to coming into contact with the agents' vehicles. As agents trailed Perez's vehicle, she tailgated the car in front of her and had trouble keeping her vehicle within its traffic lane. At this time, Perez was driving northbound on

2

the I-15, which agents described as a known smuggling route, approximately 46 miles north of the U.S./Mexico border. *See United States v. Valdes-Vega*, 738 F.3d 1074, 1079 (9th Cir. 2013) (en banc) ("The location of the stop, even though 70 miles north of the border, was significant because it was the northernmost (that is, the last) checkpoint on [Interstate 15]."). The agents testified at the suppression hearing that, while it is not unusual for motorists to slow down when they encounter a marked law enforcement vehicle, the sudden decrease in speed of Perez's vehicle was abnormal and appeared to be an attempt to evade contact with the agents. *See United States v. Brignoni-Ponce*, 422 U.S. 873, 885 (1975) (The "driver's behavior . . . [such] as erratic driving or obvious attempts to evade officers can support reasonable suspicion.").

The agents subsequently conducted a records check of the vehicle's license plate number and its registered owner. The report revealed that the registered owner of the vehicle, a female later identified as Perez, had previously been arrested in 2000 for alien smuggling and was possibly involved in a smuggling-related seizure in 2005. The report also indicated that during a recent border crossing, one of the vehicle's passengers had a border patrol "lookout for informational purposes" (known as "TECS alert") issued. Contrary to Perez's contention, this information is relevant and highly probative to the reasonable

suspicion calculus. *See Burrell v. McIlroy*, 464 F.3d 853, 858 n.3 (9th Cir. 2006) ("Although a prior criminal history cannot alone establish reasonable suspicion . . . , it is permissible to consider such a fact as part of the total calculus of information in th[at] determination[].").

We conclude that these facts, when "filtered through the lens of the agents' training and experience" in smuggling interdiction, gave the agents a reasonable suspicion sufficient to conduct an investigatory traffic stop. *Valdes-Vega*, 738 F.3d at 1079.

**AFFIRMED.**